IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**LEROY NEWELL,**

    **Plaintiff,**

v.     Case No. 3:20-cv-00603

**WESTERN REGIONAL JAIL**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 1). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of the complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading.  *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff alleges that, on September 8, 2020, he was attacked by two white inmates in what Plaintiff describes as a racially-motivated assault. Plaintiff claims that the Jail agreed to investigate the matter, but nothing has happened. He seeks monetary compensation from the Jail for failing to protect him. Plaintiff also wishes to file a hate crime complaint against the inmates.

As a preliminary matter, with respect to Plaintiff's inquiry about lodging a hate crime charge against the inmates, this Court cannot provide that relief. Plaintiff should contact the Cabell County Prosecutor's Office or the Federal Bureau of Investigation to report and discuss the matter. Ultimately, the decision to charge the inmates with a crime rests with the government, not with the Court.

As to Plaintiff's request for monetary damages against the Jail, 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil and constitutional rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." *Id.* The statute "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)) (internal markings omitted). Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape*, 365 U.S. 167, 171-172 (1961), *overruled on other grounds by* 436 U.S. 658.

In order to state a cause of action under § 1983, a plaintiff must present facts showing that: (1) a person deprived him or her of a federally protected civil right, privilege or immunity and (2) that the person did so under color of State law. *Perrin v. Nicholson*,

2

C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792, at *2 (D.S.C. Sept. 8, 2010); *see also American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."). If either of these elements is missing, the complaint fails to state a claim for relief under § 1983. *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. at 50. The Western Regional Jail is **not** a "person" subject to liability for money damages under 42 U.S.C. § 1983. Therefore, if Plaintiff wishes to proceed with his claim, he must identify a person or persons, acting under color of state law, who allegedly violated his federal civil or constitutional rights.

Plaintiff complains that individuals at the Jail failed to protect him from an unprovoked, racially-motivated assault. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment" to the United States Constitution. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994) (internal citations omitted). The Eighth Amendment requires, in relevant part, that prison officials take "reasonable measures to guarantee the safety of the inmates," *id.* (citation omitted), which includes the duty "to protect prisoners from violence at the hands of other prisoners." *Cortes–Quinones v. Jimenez–Nettleship,* 842 F.2d 556, 558 (1st Cir. 1988). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society." *Farmer,* 511 U.S. at 834 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). Nevertheless, "not every assault suffered by an inmate at the hands of another inmate rises to the level of a constitutional violation." *Blankenship v. Virginia*, 432 F. Supp. 2d 607, 611 (E.D. Va. 2006) (citing *Westmoreland v. Brown,* 883 F. Supp. 67, 74 (E.D. Va. 1995)) ("Any time an individual

3

is incarcerated, there is some risk that he may be a victim of violence at the hands of his fellow inmates ....").

In *Farmer,* the United States Supreme Court set the standard for determining whether a prison official's failure to protect an inmate translated into constitutional liability, stating:

> Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious"; a prison's official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety.

*Farmer,* 511 U.S. at 834 (citations and markings omitted). The Court explained that to be deliberately indifferent, a prison official has to be more than merely negligent. *Id.* at 835. Instead, the official can only be held liable for a violation of the Eighth Amendment if the official knows of and disregards an excessive risk of harm to the safety or health of the inmate. In other words, the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot ... be condemned as the infliction of punishment." *Id.* at 838. As such, deliberate indifference is "a very high standard." *Grayson v. Peed,* 195 F.3d 692, 695 (4th Cir. 1999). A prison official's subjective knowledge "can be proven through circumstantial evidence, for example, that the 'substantial risk of inmate attacks was longstanding, pervasive, well-documented, or

expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it.'" *Wynn v. Perry,* No. 3:14-cv-625-FDW, 2018 WL 1077321, at *23 (W.D.N.C. Feb. 27, 2018) (quoting *Farmer,* 511 U.S. at 842). However, evidence of "constructive notice" of a substantial risk generally is not sufficient to demonstrate deliberate indifference. *Danser v. Stansberry,* 772 F.3d 340, 347 (4th Cir. 2014) (citing *Farmer,* 511 U.S. at 840-42).

The obligation to protect inmates from harm is twofold: prison officials must guard inmates from exposure to obvious and substantial risks to their health and safety, and must also take reasonable steps to intervene in an ongoing inmate assault. *Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 773 (4th Cir. 2003). A prison official's failure to intervene during an inmate's assault may be the basis of liability if the official has a reasonable opportunity to act and completely fails to take any action. *Winfield v. Bass,* 106 F.3d 525, 532 (4th Cir. 1997); *also Odom,* 349 F. 3d at 775 ("[A] correctional officer who stands by as a passive observer and *takes no action whatsoever* to intervene during an assault violates the [Eighth Amendment] rights of the victim inmate."). Nonetheless, this duty is not without limits. "[C]orrectional officers who are present when a violent altercation involving an armed inmate erupts and fail to intervene immediately do not violate the Eighth Amendment if the officers are unarmed, unaware of a risk of harm prior to the altercation, and take reasonable steps to intervene safely." *Odom*, 349 F.3d at 773; *also Raynor v. Pugh,* 817 F.3d 123, 128 (4th Cir. 2016) (holding that prison officials "have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm.") (quoting *Prosser v. Ross,* 70 F.3d 1005, 1008 (8th Cir. 1995)). Moreover, prison officials who know of or

witness a substantial risk to inmate safety "may be found free of liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer,* 511 U.S. at 844. "A prison official's duty under the Eighth Amendment is to ensure 'reasonable safety,' a standard that incorporates due regard for prison officials' 'unenviable task of keeping dangerous men in safe custody under humane conditions.'" *Id.* at 844-45 (citations and markings omitted).

With these principles in mind, Plaintiff must amend his complaint to correct certain deficiencies as follows:

1. Plaintiff shall name as individual defendants the Jail personnel who allegedly failed to protect him. If Plaintiff does not know the name of a relevant person, Plaintiff shall list that person as a John Doe or Jane Doe (e.g. Correctional Officer John Doe) and shall further identify the person in the body of the complaint by description, date/time of contact, alleged act, or in some other manner that assists the Court in determining the identity and number of individual defendants in the action, as well as the specific reason that each person is included in the complaint. To the extent Plaintiff knows partial names, he shall include those parts (e.g. Correctional Officer Ronald LKU ('last name unknown")).

2. Plaintiff shall provide *factual* statements, including dates and events, which set forth how each named defendant allegedly failed to protect Plaintiff.

3. Plaintiff shall describe any injuries he received as a result of the individual(s)' failure to protect him.

Plaintiff is **ORDERED** to make these amendments to his complaint within **thirty (30) days** of the date of this Order. **Plaintiff is hereby given notice** that a failure to amend the complaint as ordered shall result in a recommendation that the complaint be

dismissed for failure to state a claim under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1.

In addition, within **thirty (30) days** of the date of this Order, Plaintiff is **ORDERED** to either pay the filing fee of $400, or submit to the Court a completed and signed Application to Proceed Without Prepayment of Fees and Costs. **Plaintiff is notified** that no action will occur on his Complaint until the fee is paid, or the application is approved. Failure to pay the fee or submit the application shall result in a recommendation that the complaint be dismissed. **Plaintiff is further advised** of his obligation to notify the Clerk of Court of any changes in his address.

The Clerk is instructed to provide a copy of this Order, a § 1983 Complaint form and an Application to Proceed Without Prepayment of Fees and Costs to Plaintiff.

**ENTERED**: September 16, 2020

Cheryl A. Eifert
United States Magistrate Judge