IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**LEROY NEWELL,**

  **Plaintiff,**

v.              Case No. 3:20-cv-00603

**WESTERN REGIONAL JAIL, et al.,**

  **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court are three matters: (1) Plaintiff's Application to Proceed Without Prepayment of Fees and Costs. (**ECF No. 8**); Plaintiff's Amended Complaint, (**ECF No. 6**); and Plaintiff's Request for the Appointment of Counsel. (**ECF No. 7**).

Having considered the Application to Proceed Without Prepayment of Fees and Costs, the Court **GRANTS** same. The Court notes that Plaintiff has sufficient funds in his inmate account to make an initial partial filing fee payment of **$5.00**. Plaintiff is **ORDERED** to make the $5.00 payment on or before **October 23, 2020**. Plaintiff is further **ORDERED** to make monthly payments beginning on **November 5, 2020** equal to 20 percent of the preceding month's income credited to his prisoner account until the full filing fee of $350.00 has been paid. These payments shall be due by the fifth day of each month thereafter.

The Western Regional Jail and Correctional Facility, or any other agency or facility having custody of Plaintiff, shall forward payments from Plaintiff's inmate account to the Clerk of Court each time the amount in Plaintiff's inmate account

exceeds $10, until the full filing fee is paid. *See* 28 U.S.C. 1915(b). It is **ORDERED** and **NOTICED** that the recovery, if any, obtained in this action shall be paid to the Clerk of Court who shall collect therefrom all unpaid fees and costs taxed against Plaintiff and shall pay the balance, if any, to the Plaintiff.

With respect to Plaintiff's Amended Complaint, additional information and factual allegations are needed in order for the complaint to state a viable claim. Plaintiff states that he wishes to name Superintendent Aldridge, Major Flemings, and Captain Diamond as defendants in this action, because "[t]hese are the three that oversee the daily running and security, safe [sic] of the facility." (ECF No. 6). Unfortunately, those allegations are insufficient to state a civil rights complaint. "It is well established that the doctrine of respondeat superior does not apply in § 1983 claims." *Hurt v. Corr. Ofc. Rounds*, No. CV DKC-15-596, 2016 WL 1059359, at *8 (D. Md. Mar. 17, 2016) (citing *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004).

In a § 1983 action, "[l]iability of supervisory officials is not based on ordinary principles of respondeat superior, but rather is premised on a recognition that supervisory indifference or tacit authorization of subordinates misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Id.* (quoting *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001)). In other words, a supervisor cannot be held liable for a civil rights violation perpetrated by another person, simply because the supervisor oversees the other person. Instead, in order to state a claim for supervisory liability, the § 1983 plaintiff must demonstrate that "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was

so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Id.* (citing *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

Therefore, Plaintiff needs to name as defendants the actual correctional officers who failed to protect him, and/or if Plaintiff wants to pursue a claim against Aldridge, Flemings, and Diamond, he must either describe their personal involvement in the failure to protect, or he must state factual allegations showing that they knew the correctional officers were failing to protect inmates, that they were indifferent to the danger that posed to Plaintiff, and that their failure to correct the situation led to Plaintiff's attack. Plaintiff shall have through and including **October 30, 2020** in which to amend the complaint a second time to include the necessary allegations. Plaintiff is encouraged to use the Complaint form provided by the Clerk's Office.

Finally, Plaintiff's motion for the appointment of counsel is **DENIED**. (ECF No. 7). Plaintiff has brought a civil action under 42 U.S.C. § 1983. Unlike in a criminal case, in a civil action, a plaintiff has no constitutional right to counsel. *See* 28 U.S.C. § 1915(e)(1); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). Although the Court has some discretion in assigning counsel to represent Plaintiff, the United States Court of Appeals for the Fourth Circuit has clearly stated that motions for the appointment of counsel in civil actions should be granted "only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the Court must consider the complexity of the claims in dispute and the ability of the indigent party to present them, as well as other factors like the merits of the case. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984); *see*

*also Valcarcel v. ABM Indus./Diversico Indus.*, 383 F. Supp. 3d 562, 565 (M.D.N.C. 2019) ("In considering a request for appointment of counsel in its discretion, the court may consider a plaintiff's financial ability to retain counsel, the efforts of the plaintiff to retain counsel, the merits of the case, and whether the plaintiff is capable of representing himself.") (citations omitted).

Here, Plaintiff provides no justification for the assignment of counsel other than his indigent status. Unfortunately, that circumstance is not exceptional given that many indigent civil litigants—even those that are incarcerated—are not represented by counsel. Therefore, without an exceptional showing of need, the inability to retain a lawyer is not a basis for the appointment of counsel. *Altevogt v. Kirwan*, No. CIV. WDQ-11-1061, 2012 WL 135283, at *3 (D. Md. Jan. 13, 2012) ("Altevogt's inability to retain counsel is not an exceptional circumstance.").

Furthermore, while Plaintiff's incarceration undoubtedly makes it more difficult for him to pursue his lawsuit, as does his lack of immediate access to legal materials, these deficiencies do not, in and of themselves, satisfy the "exceptional" standard necessary to justify the appointment of counsel. *Louis v. Martinez,* Case No. 5:08-cv-151, 2010 WL 1484302, at *1 (N.D.W. Va. Apr. 12, 2010). The undersigned has examined the complaint and associated documents, and they are well-written and clear. The facts underlying Plaintiff's claim are not complex, and he appears capable of presenting his claim at this stage of the litigation. The merits of the complaint are not as yet discernible. Should circumstances change in the future, the matter of the appointment of counsel can be reassessed.

Plaintiff is again reminded of his obligation to notify the Clerk of Court of any changes in his contact information. If Plaintiff fails to do so, and he cannot be located

with the information on the record, his civil action may be dismissed for failure to prosecute.

The Clerk is instructed to provide a copy of this Order to Plaintiff, as well as another § 1983 Complaint form.

**ENTERED:** October 5, 2020

Cheryl A. Eifert
United States Magistrate Judge