## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**LEROY NEWELL,**

      **Plaintiff,**

**v.**                                                            **Case No. 3:20-cv-00603**

**MAJOR FLEMING; and**
**CAPTAIN DIAMOND,**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Plaintiff's *pro se* second amended complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 11). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**, without prejudice, and that this action be removed from the docket of the court.

I.    **Relevant History**

On September 10, 2020, Plaintiff sent a letter to the Clerk of Court, stating that he had been attacked two days earlier by two Caucasian inmates at the Western Regional Jail and Correctional Facility located in Barboursville, West Virginia. (ECF No. 1). Plaintiff, an African American inmate, claimed that the attack was racially

motivated and was carried out by members of a "white" gang. Plaintiff added that he had spoken with facility staff about being placed in a pod dominated by white gang members, but nothing was done to correct the problem and protect him. (*Id*.). Plaintiff's letter was docketed as a complaint asserted under 42 U.S.C. § 1983.

On September 16, 2020, the Court issued a Memorandum Opinion and Order, advising Plaintiff that he would need to amend his letter/complaint in order for it to withstand dismissal on initial review. (ECF No. 3). In addition, Plaintiff was given thirty days in which to pay the $400 filing fee or submit an Application to Proceed Without Prepayment of Fees and Costs. (*Id*. at 7). Plaintiff was also advised of his obligation to notify the Clerk of any change in his address, and he was provided with the relevant forms to complete and submit to the Court. (*Id*.). Plaintiff subsequently filed an amended complaint and an Application to Proceed Without Prepayment of Fees and Costs, using the forms supplied by the Clerk. (ECF Nos. 6, 8).

On October 5, 2020, the undersigned entered an Order granting Plaintiff's application, but requiring him to make an initial partial filing fee payment of $5.00 on or before October 23, 2020. (ECF No. 10). In addition, the Court explained to Plaintiff that his complaint was still insufficient, because he asserted claims based solely on the doctrine of *respondeat superior*, which were not claims that were cognizable under § 1983. Plaintiff was instructed to name the guards who actually failed to protect him and, if he wished, to add factual allegations sufficient to state supervisory liability claims against the other individuals. (*Id*.). Plaintiff was again reminded of his obligation to notify the Clerk if he had a change of address. (*Id*.). The docket indicates that Plaintiff received this Order. Indeed, on October 15, 2020, Plaintiff filed a second amended complaint as instructed. (ECF No. 11).

2

On November 9, 2020, Plaintiff notified the Clerk of Court that he had been transferred to Pruntytown Correctional Center. (ECF No. 12). On December 3, 2020, the Court again ordered Plaintiff to pay the $5.00 filing fee. (ECF No. 14). Plaintiff was advised that no action would occur on his complaint until the fee was paid, and a failure to pay the fee as ordered might result in a recommendation of dismissal. (*Id*.). The docket sheet indicates that Plaintiff received this Order.

After waiting another month for Plaintiff to pay the $5.00 initial partial filing fee, the Court issued a Show Cause Order, notifying Plaintiff that a recommendation of dismissal would be made unless he paid the fee within thirty days. (ECF No. 15). Plaintiff was additionally told that he could voluntarily dismiss his civil action if he no longer wished to prosecute it. (*Id*.). Finally, Plaintiff was once again reminded of his obligation to notify the Clerk of any changes in his address. (*Id*.).

According to the docket sheet, Plaintiff did not receive the Show Cause Order, because he was no longer incarcerated at the Pruntytown Correctional Center when the Order arrived there. According to the Division of Corrections inmate locator website, Plaintiff has been released on parole. However, Plaintiff has not notified the Clerk of this change in circumstance, and has not provided a forwarding address. Nearly five months have expired since Plaintiff was first ordered to pay the $5.00 partial filing fee, and nearly three months have elapsed since the December 3, 2020 Order, reiterating his duty to pay the fee. To date, Plaintiff has neither paid the initial partial filing fee, nor provided an explanation for his failure to make the required payment, and his current whereabouts are unknown to the Court.

## II.    <u>Discussion</u>

"The authority of a federal trial court to dismiss a plaintiff's action with

prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."[1] Similarly, under this court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[2]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Although Fed.R.Civ.P. 41(b) does not explicitly provide for *sua sponte* dismissal, it does not abrogate the power of the court to act on its own initiative. *Link*, 370 U.S. at 630–32; *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).

[2] L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states  "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors, in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Plaintiff received at least two court orders instructing him to pay the $5.00 fee, yet he has failed to do so. Moreover, since his November 9, 2020 letter, notifying the Clerk of his transfer to Pruntytown Correctional Center, Plaintiff has made no effort to check on the status of his case or contact the Court for further instructions. These failures add up to a case history of Plaintiff proceeding in a deliberately dilatory fashion. This civil action has been pending on the Court's docket for more than five months with little progress, despite the Court's efforts to explain the applicable procedure to Plaintiff. Thus, Plaintiff is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendants given that witnesses become unavailable and memories become stale with the passage of time. Furthermore, considering that Plaintiff failed to provide the Clerk of Court with a forwarding address, despite having been released from custody for more than thirty days, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96.

While dismissal is the preferable course, the undersigned acknowledges that the reason for Plaintiff's failure to prosecute his claim is unknown and the merits of his

claims have not been addressed. Therefore, the undersigned recommends that dismissal be without prejudice to account for the unlikely possibility that good cause exists to either reopen or reinstitute the claim.

### III.   <u>Proposal and Recommendation</u>

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED**, without prejudice, and that this action be removed from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.

Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the adverse party, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff at his last address on record.

**DATED**: February 26, 2021

Cheryl A. Eifert
United States Magistrate Judge